UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT IZENBERG and CINDY LOEB,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>INTEGON NATIONAL INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | Case No.: 22-CV-879-CAB-AGS<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT** |

On May 9, 2022, Plaintiffs Robert Izenberg and Cindy Loeb filed the original complaint in this matter in San Diego Superior Court. [Doc. No. 1-3.] Plaintiffs' complaint does not seek any damages and prays only for reformation of an insurance policy to include personal umbrella liability coverage with a limit of $1,000,000. [*Id.*] On June 16, 2022, Defendant Integon National Insurance Company ("Integon") removed the action to this Court, asserting original jurisdiction over the matter pursuant to 28 U.S.C. § 1332. [Doc. No. 1.] After reviewing the notice of removal and complaint, the Court finds that it lacks subject matter jurisdiction over this case. Accordingly, the Court **REMANDS** this action to state court.

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). "The defendant bears the burden of establishing that removal was proper."

*Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). On the other hand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). The Court may remand *sua sponte* or on motion of a party. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action. . . ."). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Integon asserts that subject matter jurisdiction exists based on complete diversity between the parties pursuant to 28 U.S.C. § 1332. Under 28 U.S.C § 1332(a), federal district courts have original jurisdiction over actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Here, the Court is satisfied that the parties are diverse but finds that Integon has not established that the matter in controversy exceeds $75,000.

Integon contends that more than $75,000 is in controversy because Plaintiffs' seek a declaration that the insurance policy in question includes, or should be reformed to include, personal umbrella liability coverage with a limit of $1,000,000. In other words, Integon contends that because Plaintiffs seek a declaration that they have personal umbrella liability coverage with a $1,000,000 limit, $1,000,000 is actually in controversy in this case. The Court is not persuaded that this satisfies Integon's burden. Whether the policy provides such coverage does not actually put $1,000,000 in controversy in this case because the complaint does not contend that Integon owes Plaintiffs (or a third-party claimant) the full policy limits (or indeed any amount) in connection with a claim under the policy. *Cf. Dowd v. Amco Ins. Co.*, No. C13-599 RSM, 2013 WL 12120457, at *2 (W.D. Wash. June

11, 2013) ("[T]the demonstration of policy limits does not in any way constitute evidence of the actual amount in controversy.").

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Here, Plaintiffs seek declaratory relief that their insurance policy with Integon includes personal umbrella liability coverage with a $1,000,000 limit. Thus, the object of this litigation is personal umbrella liability coverage with a $1,000,000 limit. The amount in controversy is therefore equal to the value of such insurance coverage, and not $1,000,000 itself. Neither the notice of removal nor the complaint includes any argument, allegation, or evidence as to the value of personal umbrella liability coverage with a $1,000,000 limit in the absence of any claim on such coverage. This alone is fatal to Integon's contention that the amount in controversy is satisfied. Moreover, a more accurate estimation of the value of personal umbrella liability coverage with a $1,000,000 limit is the premium charged for such coverage, or the difference between the premium Plaintiffs actually paid and the premium Integon contends they should have paid for a policy that included such coverage. In any event, either amount is almost certainly far less than $75,000. Accordingly, Integon's notice of removal does not satisfy Integon's burden of establishing that the complaint, which does not seek any damages or payment from Integon, puts more than $75,000 in controversy.

In light of the foregoing, the Court finds that removal of this matter was improper and **REMANDS** this action back to state court for lack of subject matter jurisdiction. The Clerk of the Court shall **CLOSE** the case.

It is **SO ORDERED**.

Dated: June 17, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge